JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RICKY M. GUERRA as the Administrator of the Estate of Amelia V. Guerra

### DEFENDANTS
BRIARLEAF NURSING AND CONVALESCENT, INC.

(b) County of Residence of First Listed Plaintiff   **Montgomery**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Montgomery**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Eisenberg & Baum, LLP
24 Union Square East, 4th floor, New York, NY
TEL: 212-353-8700

Attorneys *(If Known)*
Cozen O'Connor
190 N. Independence Mall W., Suite 500, Philadelphia, PA 19106
TEL: 215-665-2072

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
29 USC § 794; 42 USC § 18116
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE  4/25/17
SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE


Case 2:17-cv-01952-GEKP   Document 1   Filed 04/27/17   Page 2 of 14

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **37 Oakland Terrace, Bala Cynwyd, PA 19004**

Address of Defendant: **2500 Blvd. of the Generals, Norristown, PA 19403**

Place of Accident, Incident or Transaction: **Briarleaf Nursing and Convalescent Care 252 Belmont Ave, Doylestown, PA 18901**
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

*RELATED CASE, IF ANY:*
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **Sagar Shah**, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: **4/25/17**   _____   **206602**
                    Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **4/25/17**   _____   **206602**
                    Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **37 Oakland Terrace, Bala Cynwyd, PA 19004**

Address of Defendant: **2500 Blvd. of the Generals, Norristown, PA 19403**

Place of Accident, Incident or Transaction: **Briarleaf Nursing and Convalescent Care 252 Belmont Ave, Doylestown, PA 18901**
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ✔ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **Sagar Shah**, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: **4/25/17**   _(signature)_ Attorney-at-Law   **206602** Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **4/25/17**   _(signature)_ Attorney-at-Law   **206602** Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Ricky M. Guerra as the Administrator of the Estate of Amelia V. Guerra : CIVIL ACTION

v.

Briarleaf Nursing and Convalescent, Inc. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

4/25/17               Sagar Shah                     Ricky M. Guerra
Date                  Attorney-at-law                Attorney for

212-353-8700   212-353-1708     sshah@eandblaw.com
Telephone      FAX Number       E-Mail Address

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICKY M. GUERRA as the Administrator of the Estate of Amelia V. Guerra, 37 Oakland Terrace, Bala Cynwyd, PA. 19004, <br><br> Plaintiff, <br><br> v. <br><br> BRIARLEAF NURSING AND CONVALESCENT, INC., 2500 Blvd. of the Generals Norristown, PA 19403, <br><br> Defendant. | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, RICKY M. GUERRA as the Administrator of the Estate of Amelia V. Guerra, by and through his undersigned counsel, EISENBERG & BAUM, LLP, for his Complaint against Defendant BRIARLEAF NURSING AND CONVALESCENT, INC., hereby allege as follows:

## PRELIMINARY STATEMENT

1. Amelia Guerra was a deaf individual who communicated primarily in American Sign Language ("ASL"), which was her expressed, preferred, and most effective means of communication. Mrs. Guerra's son, Ricky Guerra is a hearing individual who was Mrs. Guerra's primary caretaker and power of attorney while she was living and is now the administrator of her estate. When Mrs. Guerra, through her son Mr. Guerra, sought admission to Briarleaf Nursing and Convalescent Care (hereinafter "Briarleaf") to receive necessary convalescent care in May 2015, her admission was rescinded after staff at Briarleaf learned that Mrs. Guerra was deaf and

-1-

required an American Sign Language interpreter to communicate. Briarleaf specifically informed Mr. Guerra that Briarleaf does not provide sign language interpreters because they are not in the facility's budget.

2. American Sign Language ("ASL") is a visual, three-dimensional, non-linear language, and its grammar and syntax differ from the grammar and syntax of English and other spoken languages. ASL is best thought of as a foreign language used by American deaf people, with its own grammar and syntax. Deaf individuals are often educated in deaf schools and grow up in culturally Deaf environments. As a result of both physical and environmental factors, deaf individuals frequently have great difficulty achieving command of spoken or written English. From a pedagogical standpoint, for example, it is difficult to understand how English works if a person has never heard it. However, deaf individuals are often able to communicate with great complexity in ASL.

3. Lip-reading, the ability to understand the speech of another by watching the speaker's lips, is an extremely speculative means of communication and is no substitute for communication through a qualified sign language interpreter. Only a small amount of the spoken sounds of aural language are visible, and many of those appear identical on the lips. Even the most adept lip-readers, in an ideal one-to-one situation, have been found to understand only 26% of what is said.

4. For these reasons, ASL interpreters are necessary for the great majority of deaf individuals receiving medical, nursing home, and assisted living and rehabilitation care when that care involves complicated information, lengthy communications, or when the individual has other conditions that make seeing or communicating through other means more difficult.

5. In the context of residential medical care provided to elderly individuals, the

outright refusal to provide an ASL interpreter for any situation will result in ineffective communication for elderly deaf residents. Defendants thus discriminate against elderly deaf residents and prospective residents by failing and/or refusing to provide qualified American Sign Language interpreters or other auxiliary aids and services to ensure effective communication.

## NATURE OF THE CLAIMS

6. Plaintiff seeks declaratory and equitable relief, monetary damages, and attorneys' fees to redress Defendants' unlawful discrimination on the basis of disability in violation Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 791; Section 1557 of the Patient Protection and Affordable Care Act, 42 USC § 18116; and other state and common law causes of action.

## THE PARTIES

7. Plaintiff RICKY GUERRA (hereinafter "Plaintiff" or "Mr. Guerra") brings this action and is an individual residing at 37 Oakland Terrace, Bala Cynwyd, PA. 19004. Mr. Guerra brings this action in his capacity as the son and administrator of the Estate of his late mother, Amelia Guerra, who was a profoundly deaf individual. Mrs. Guerra communicated primarily in American Sign Language, was substantially limited in the major life activities of hearing and speaking, and was a qualified person with a disability within the meaning of the Patient Protection and Affordable Care Act and the Rehabilitation Act. Mr. Guerra is hearing.

8. Defendant BRIARLEAF NURSING AND CONVALESCENT, INC, at all times hereinafter mentioned, is a corporation that has been licensed and doing business in Pennsylvania with a principal place of business at 2500 Blvd. of the Generals, Norristown, PA 19403. Defendant owns, leases, and/or operates BRIARLEAF NURSING AND CONVALESCENT CARE, a nursing home facility located at 252 Belmont Ave, Doylestown, PA 18901. Defendant is a place of public accommodation under federal and state antidiscrimination laws and is a

recipient of federal financial assistance, including Medicare and/or Medicaid reimbursements, thus making Defendant subject to the requirements of Section 1557 of the Patient Protection and Affordable Care Act and Section 504 of the Rehabilitation Act.

## JURISDICTION & VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under federal law.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the Defendant resides within the jurisdiction of this District, and/or a substantial part of the events that give rise to the claims occurred in this District, and/or the Defendant has sufficient contacts with this District to subject it to personal jurisdiction at the time this action is commenced.

## STATEMENT OF FACTS

11. Amelia Guerra was a profoundly deaf individual who communicated primarily through American Sign Language.

12. Amelia Guerra had limited proficiency in written English, and required auxiliary aids and services to communicate effectively in a medical setting.

13. Ricky Guerra is Amelia Guerra's son.

14. Ricky Guerra is hearing.

15. Amelia Guerra passed away on June 1, 2015.

16. Ricky Guerra is the administrator of Amelia Guerra's estate.

17. Prior to her death, Amelia Guerra was a patient of a local hospital within the University of Pennsylvania Health System. In May 2015, Mrs. Guerra's discharge from the hospital was imminent and she required continued convalescent care.

18. The hospital referred Mrs. Guerra to three facilities, including Briarleaf Nursing

and Convalescent Care (hereinafter "Briarleaf").

19. Upon information or belief, of the three facilities, only Briarleaf had availability and accepted Mrs. Guerra's insurance.

20. On or about May 19, 2015, Mr. Guerra had a phone call with Peggy in Briarleaf's admissions department wherein she informed him that Briarleaf was ready to receive Mrs. Guerra into its facility and would accept her insurance. At the end of that conversation, Mr. Guerra informed Peggy that Mrs. Guerra is deaf and requires a sign language interpreter. Peggy then informed Mr. Guerra that an interpreter could not be provided for Mrs. Guerra because it was not in the budget. Mr. Guerra asked to speak to the supervisor, Diane McGerr. At that time, Ms. McGerr did not speak with Mr. Guerra.

21. Upon information and belief, Defendant refused Mrs. Guerra's admission to Briarleaf due to Mr. Guerra's request on her behalf for sign language interpreters.

22. After Mr. Guerra's telephone conversation with Peggy on May 19, 2015, he left two voice messages for Diane McGerr, a manager/administrator at Briarleaf, to discuss his mother's admission to Briarleaf. Ms. McGerr did not return those phone calls. Mr. Guerra also spoke with his mother concerning Briarleaf's rejection.

23. Mrs. Guerra was extremely disappointed and upset about Briarleaf's rejection. After learning that Briarleaf would not accept her, she became dejected, and upon information and belief, she lost all hope of fighting for her life. Mrs. Guerra died within approximately one week of hearing that Briar Leaf would not accept her.

24. On May 21, 2015, Mr. Guerra sent a letter to Ms. McGerr and Department of Justice, Civil Rights Division, asking that a formal investigation begin concerning Briarcliff's discrimination against Mrs. Guerra on the basis of disability.

25. On May 25, 2015, Ms. McGerr spoke with Mr. Guerra and informed him that Briarleaf did not currently have the capability to provide the requested sign language interpreter services and that they could not meet Mrs. Guerra's needs.

26. On October 7, 2016, Defendant entered into a settlement agreement with the Department of Justice in which Defendant agreed to implement policies, procedures, and training of its employees to ensure effective communication with individuals who are deaf and hard of hearing.

## CLAIM 1: VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

27. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

28. At all times relevant to this action, Section 504 of the Rehabilitation, 29 U.S.C. § 794, has been in full force and effect and has applied to Defendants' conduct.

29. At all times relevant to this action, the United States Department of Health and Human Services ("HHS") regulations implementing Section 504 of the Rehabilitation Act, 45 C.F.R. Part 84, have been in full force and effect and have applied to Defendants' conduct.

30. At all times relevant to this action, Mrs. Guerra had substantial limitations to the major life activities of hearing and speaking, and was an individual with a disability within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(9).

31. At all times relevant to this action, Defendant has been a program or activity receiving federal financial assistance pursuant to 29 U.S.C. § 794(b).

32. Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

33. The Rehabilitation Act extends standing and relief to "any person aggrieved" by

discrimination in violation thereof. 29 U.S.C. § 794a(a)(2). Plaintiff is an aggrieved person as defined by Section 794a(a)(2) of the Rehabilitation Act.

34. Defendant discriminated against Mrs. Guerra, solely on the basis of disability, by denying Mrs. Guerra meaningful access to the services, programs, and benefits the Defendant offers to other individuals, and by refusing to provide auxiliary aids and services necessary to ensure effective communication, in violation of 29 U.S.C. § 794.

35. Pursuant to Federal regulations implementing Section 504 of the Rehabilitation Act, programs or activities receiving Federal financial assistance "must afford handicapped persons equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement, in the most integrated setting appropriate to the person's needs." 45 C.F.R. § 84.4(b)(2).

36. Pursuant to Federal regulations implementing Section 504 of the Rehabilitation Act, healthcare providers "shall provide appropriate auxiliary aids to persons with impaired sensory, manual, or speaking skills, where necessary to afford such persons an equal opportunity to benefit from the service in question. . . . For the purpose of this paragraph, auxiliary aids may include brailled and taped material, interpreters, and other aids for persons with impaired hearing or vision." 45 C.F.R. § 84.52(d).

37. Absent declaratory relief there is a clear risk that Defendants' actions will continue to occur.

38. Plaintiff is therefore entitled to seek and recover compensatory damages for the injuries and loss sustained as a result of Defendant's discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 29 U.S.C. § 794(a).

39. Plaintiff is further entitled to an award of attorneys' fees, costs, and disbursements

pursuant to the Rehabilitation Act, 29 U.S.C. § 794(a) and/or common law.

## CLAIM 2: VIOLATIONS OF SECTION 1557 OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT

40. Plaintiff repeats and reiterates every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth at length herein.

41. At all times relevant to this action, Section 1557 of the Patient Protection and Affordable Care Act ("Section 1557"), 42 USC § 18116 was in full force and effect and applied to the Defendant's conduct.

42. At all times relevant to this action, Section 1557, 42 USC § 18116, incorporated the definition of disability in the Rehabilitation Act, 29 U.S.C. § 705(9).

43. At all times relevant to this action, Mrs. Guerra had substantial limitations to the major life activity of hearing and speaking, and was an individual with a disability within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(9) and of Section 1557, 42 USC § 18116.

44. At all times relevant to this action, Mrs. Guerra's primary language for communication was American Sign Language and not English; and Mrs. Guerra had limited ability to read, write, speak, or understand English, and was an individual with limited English proficiency within the meaning of Section 1557, 45 C.F.R. § 92.4.

45. At all times relevant to this action, Defendant received federal financial assistance, including Medicaid reimbursements, and was principally engaged in the business of providing health care. Therefore, Defendant's facility is a health program or activity receiving federal financial assistance pursuant to 42 U.S.C. § 18116(a).

46. Pursuant to Section 1557, "an individual shall not, on the ground prohibited under . . . section 504 of the Rehabilitation Act of 1973 (29 U.S.C. 794), be excluded from

participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance . . ." 42 USC § 18116.

47. Defendant has discriminated against Mrs. Guerra solely on the basis of disability and limited English proficiency by denying her meaningful access to the services, programs, and benefits the Defendant offers to other individuals by refusing to provide auxiliary aids and services necessary to ensure effective communication in violation of Section 1157, 42 U.S.C. § 18116.

48. Defendant discriminated against Mrs. Guerra by failing to ensure effective communication through the providing of qualified sign language interpreters on-site and/or through VRI machines that worked.

49. Absent declaratory relief there is a clear risk that Defendant's actions will recur again.

50. Plaintiff is therefore entitled to seek and recover compensatory damages for the injuries and loss sustained as a result of Defendant's discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 42 U.S.C. § 18116(a).

51. Plaintiff is further entitled to an award of attorney's fees, costs, and disbursements pursuant to 42 U.S.C. § 18116(a), the Rehabilitation Act, 29 U.S.C. § 794(a) and/or common law.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against Defendants:

A. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' policies, procedures, and practices have subjected Plaintiff to unlawful discrimination in violation of Section 1557 of the Patient Protection and Affordable Care Act and Section 504 of the Rehabilitation Act;

B. Award to Plaintiff:

   i. Compensatory damages pursuant to Section 1557 of the Patient Protection and Affordable Care Act and Section 504 of the Rehabilitation Act;

   ii. Reasonable costs and attorneys' fees pursuant to the Section 1557 of the Patient Protection and Affordable Care Act and Section 504 of the Rehabilitation Act;

   iii. Interest on all amounts at the highest rates and from the earliest dates allowed by law;

   iv. Any and all other relief that this Court finds necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Dated: April 26, 2017

Respectfully Submitted,

EISENBERG & BAUM, LLP

By:

Sagar Shah, Esq.
Attorney ID: 206602
24 Union Square East, Fourth Floor
New York, NY 10003
*Attorneys for Plaintiff*